IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOROTHY McNEILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| V. | § | |
| | § | 3:04-CV–1484K |
| GRAHAM, BRIGHT & SMITH, A | § | |
| PROFESSIONAL CORPORATION, aka | § | |
| GRAHAM, BRIGHT & SMITH, P.C.; | § | |
| R. SPENCER SHYTLES; and | § | |
| AMERICAN HONDA FINANCE | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION and ORDER

This is a Fair Debt Collection Practices Act ("FDCPA") case brought by Plaintiff

Dorothy McNeill ("McNeill") against Defendants Graham, Bright & Smith, P.C.

("GBS") and R. Spencer Shytles ("Shytles").  This matter came before the Court for a

one-day bench trial on the issue of distant forum abuse under the FDCPA.  Having

received and considered the evidence presented and having heard the testimony of

witnesses and the argument of counsel, the Court holds that GBS and Shytles violated

15 U.S.C. §1692i(a)(2) by bringing a lawsuit to collect on a consumer debt in Dallas

County rather than in Harris County.  The Court also makes the following findings of

fact and conclusions of law with respect to GBS and Shyltes' violation of the DTPA.

## I.    Background

McNeill sued GBS and Shytles for violating the FDCPA by bringing suit against her in a distant forum to collect on a consumer debt in violation of 15 U.S.C. §1692i(a)(2).  McNeill also sued American Honda Finance Corporation ("AHFC") for violating the Texas Deceptive Trade Practices Act ("DTPA") by filing suit in a distant forum to collect on a consumer debt in violation of Tex. Bus. & Com. Code §17.46(b)(23).  Shytles and GBS represent AHFC in this case.  Shytles and GBS, on behalf of AHFC, then filed a counterclaim against McNeill for breach of a Motor Vehicle Retail Installment Contract (the "Installment Contract") regarding the purchase of an automobile.  McNeill argues that the filing of this counterclaim amounted to a second violation of the FDCPA.  Subsequently, McNeill and AHFC settled their claims and stipulated to a dismissal of their claims against each other.  The Court held a one-day bench trial on January 10, 2006, on McNeill's claim against GBS and Shytles for violations of the FDCPA.

## II.   Findings of Fact

1.    GBS and Shytles attempted to collect consumer debts on 450 occasions for 4 separate creditors in the two years before this suit was filed.  Specifically, from January 28, 2002 through January 28, 2004, GBS and Shytles (a) filed 133 lawsuits and mailed 29 demand letters on behalf of AHFC; (b) filed 46 lawsuits and mailed 239 demand letters on behalf of Aqua Finance Corporation; (c) filed 2 lawsuits for the Oak Bank &

Trust Company; and (d) filed 1 lawsuit for CU Recovery, Inc.  All of the debts sought to be collected in the aforementioned demand letters and lawsuits were consumer "debts" as that term is defined in 15 U.S.C. §1692a(5).  These consumer debt collection activities accounted for approximately 25% of Shytles' professional time during that time period and represented 1/3 to 1/2 of the lawsuits that he filed during that time period.

2.     On February 18, 2003, GBS and Shytles filed a lawsuit in Dallas County Court at Law against McNeill to collect on a debt purportedly owed to AHFC under the Installment Contract for the purchase of a 2002 Acura RL.

3.     McNeill signed the underlying contract with AHFC in Harris County. McNeill also resided in Harris County at the time suit was filed by GBS and Shytles in the Dallas County Court at Law.

4.     After receiving a telephone call form a constable seeking to serve her with process, McNeill filed a pro se motion in the Dallas County Court at Law to transfer venue and a motion for stay of writ of sequestration.  McNeill spent $48.00 in connection with filing these motions.  McNeill also filed a consumer complaint with the Office of the Texas Consumer Credit Commissioner.  McNeill spent $16.00 in connection with filing this consumer complaint.

5.     GBS and Shytles subsequently filed an order of dismissal without prejudice, which was signed by the County Court at Law Judge on April 4, 2003.

6.     After being sued in this case on January 27, 2004, GBS and Shytles filed a counterclaim on December 13, 2004, seeking to collect on the same Installment Contract between McNeill and AHFC for the purchase of a 2002 Acura RL.

III.    **Conclusions of Law**

1.     GBS and Shytles violated the FDCPA when they filed the lawsuit against McNeill in the Dallas County Court at Law.  The FDCPA directs debt collectors to file collection actions in one of two judicial districts or similar legal entities: (1) where the contract sued upon was signed, or (2) where the consumer lives when the collection action is initiated.  15 U.S.C. §1692i(a)(2).  Because McNeill signed the underlying installment contract in Harris County, and because she resided in Harris County at the commencement of the action, GBS and Shytles violated §1692i(a)(2) when they filed suit to collect on the contract in Dallas County rather than Harris County.

2.   GBS and Shytles were debt collectors under the FDCPA at the time they filed suit against McNeill in the Dallas County Court at Law.  The FDCPA defines a "debt collector" as any person who regularly collects or attempts to collect consumer debts owed to another.  15 U.S.C. §1692a(6).  The FDCPA applies to attorneys who regularly engage in consumer debt collection activity, including litigation, on behalf of a creditor client. *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995); *Garrett v. Derbes*, 110 F.3d 317, 318 (5th Cir. 1997).  Based on GBS and Shytles' regular consumer debt collection activities between January 28, 2002 and January 28, 2004, the Court concludes that GBS and

Shytles were "debt collectors" at the time they filed suit against McNeill in the Dallas County Court at Law.

3.    GBS and Shytles only committed one violation of the FDCPA in connection with this action.  The FDCPA prohibits debt collectors from filing a collection action in a distant forum.  *See Addison v. Braud*, 105 F.3d 223, 224 (5th Cir. 1997) (citing 15 U.S.C. §1692i(a)).  GBS and Shytles violated §1692i(a) when they filed suit against McNeill in Dallas County rather than in Harris County.  GBS and Shytles did not violate the DTPA, however, by filing AHFC's counterclaim for breach of the Installment Contract in this Court.  Filing a counterclaim is not the same thing as filing a lawsuit in a distant forum, and GBS and Shytles did not violate §1692i(a) by filing a counterclaim on behalf of AHFC in this Court.

4.    McNeill is entitled to recover $ 64.00 in actual damages under 15 U.S.C. §1692k(a)(1) as a result of GBS and Shytles violation of the FDCPA.  These damages represent (1) the amount that McNeill spent in connection with filing her pro se motion to transfer venue and her motion for stay of writ of sequestration in the Dallas County Court at Law, and (2) the amount that McNeill spent filing her consumer complaint with the Office of the Texas Consumer Credit Commissioner.  McNeill did not prove that she suffered economic damages as a result of emotional distress based on GBS and Shytles violation of the FDCPA.

5.      15 U.S.C. §1692k(a)(2)(A) authorizes this Court to award additional damages for violations of the FDCPA, not to exceed $1,000.  Because McNeill incurred only nominal damages in this case as a result of GBS and Shytles' violation of the FDCPA, the Court does not award any additional damages to McNeill.  *See* 15 U.S.C. §1692k(b)(1) (directing courts to consider the "nature" of the noncompliance when determining the amount of additional damages under the FDCPA).

6.      15 U.S.C. §1692k(a)(3) requires this Court to award McNeill reasonable attorney's fees resulting from GBS and Shytles' violation of the FDCPA.  *See Graziano v. Harrison*, 950 F.2d 107, 113 (3rd Cir. 1991) (finding an award of attorney's fees mandatory, even where violations were so minimal that statutory damages were not warranted).  Because McNeill incurred only nominal damages in this case, the Court, in its discretion, awards McNeill $600 in attorney's fees. *See Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995) (awarding $500 in attorney's fees where plaintiff suffered actual damages of only $50).

## IV.   Conclusion

The Court finds that GBS and Shytles were debt collectors under the FDCPA at the time they filed suit against McNeill in the Dallas County Court at Law because of their regular consumer debt collection activities between January 28, 2002 and January 28, 2004.  The Court further finds that GBS and Shytles violated the FDCPA when they filed the lawsuit against McNeill in the Dallas County Court at Law, rather than in

Harris Count.  As a result of GBS and Shytles violation of the FDCPA, McNeill is

entitled to recover $ 64.00 in actual damages under 15 U.S.C. §1692k(a)(1).  The Court,

in its discretion, also awards McNeill $600 in attorney's fees.

>**SO ORDERED**.

>Signed May __25th__, 2006.

>>>s/Ed Kinkeade
>>>ED KINKEADE
>>>UNITED STATES DISTRICT JUDGE